

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

******************************************************

| | | |
|---|---|---|
| FRANK BAKER, | * | CIV. 10-4057 |
| | * | CR. 07-40055-12 |
| Movant, | * | |
| | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

******************************************************

Frank Baker has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and a motion for leave to proceed in forma pauperis. The Court has conducted the preliminary review required by Rule 4(b)[1] of the Rules Governing Section 2255 Proceedings, and the Court has determined that Baker is not entitled to relief under 28 U.S.C. § 2255.

After Baker was charged in a Second Superseding Indictment with conspiracy to distribute and possess with intent to distribute crack cocaine, the Government, on January 8, 2008, gave Notice of Intent to Seek Increased Punishment based upon Baker's prior convictions for felony drug offenses. Baker went to trial in June of 2008, and after the jury convicted him of the charge, was facing a mandatory life sentence. In October of 2008, this Court granted a new trial to Baker and the other codefendants who had gone to trial based on the Government's failure to disclose impeachment evidence concerning one of its major witnesses. Before the retrial of his case, Baker entered into a Plea Agreement with the Government. In return for Baker's plea of guilty to the Third Superseding Indictment, the Government agreed to move and then moved to withdraw its information pursuant to 21 U.S.C. § 851. The withdrawal of this Information changed the maximum minimal penalty from a mandatory life sentence to a mandatory minimum sentence of 10 years. Baker's Plea Agreement

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in relevant part:
   The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

specifically provided that the charge to which Baker would plead "carries a mandatory minimum sentence of 10 years in prison and a maximum sentence of life in prison."

At Baker's change of plea hearing on April 20, 2009, Baker was questioned extensively by this Court about his understanding of the Plea Agreement. Baker clearly stated that if he did not proceed with the plea, he would be facing a mandatory life in prison. Baker testified he had gone over the terms of the Plea Agreement with his lawyer, that he understood the terms of his Plea Agreement and had signed the Plea Agreement of his own free will. Baker was again advised at the change of plea hearing that the charge to which he was pleading carried a mandatory minimum sentence of 10 years in prison. The Court also advised the Defendant and the Defendant asserted he understood that the Court could not cut his sentence below the 10-year mandatory minimum sentence unless the Government determined that Baker "fully cooperated" and filed either a 5K1.1 or Rule 35 motion. The Supplement to the Plea Agreement, which Baker asserted he fully understood, clearly provided that the decision to file either a Rule 35 or 5K1.1 motion rests within the sole discretion of the United States Attorney.

At the sentencing in this matter, the Court advised that it made no difference what crack to powder cocaine ratio was used because the mandatory minimum sentence applied to Baker. Baker was apparently upset at the sentencing because the Government had concluded that there was insufficient cooperation to justify making a 5K1.1 motion. Baker's counsel indicated that Baker had wanted to withdraw his plea but that he advised against taking that action. This Court then reminded Baker that he would again be facing a mandatory life sentence. The sentencing proceeded and Baker was sentenced to 120 months of imprisonment.

Baker now asserts that he entered his guilty plea because of ineffective assistance of counsel.[2] Baker makes the following allegations of ineffective assistance of counsel:

1. Counsel failed to obtain all *Brady* material from the prosecution;

---

[2]The attorney who represented Baker at the trial in June of 2008, moved to withdraw as counsel 11 days after the trial after Baker contended that counsel did not effectively represent him at trial and after counsel contended that the relationship had deteriorated to the point where counsel could no longer represent Baker. The Court granted counsel's motion to withdraw. Baker's complaints regarding previous counsel, which are set forth in his pleadings, are not relevant since Baker was granted a new trial after previous counsel was replaced.

2. Counsel failed to obtain Grand Jury minutes and transcripts of earlier proceedings from which counsel could have challenged the lack of probable cause for the Third Superseding Indictment;

3. Counsel failed to explain the elements of the offense and misrepresented the Plea Agreement before Baker entered his plea;

4. Counsel failed to object to the breach of an alleged "oral promise" from the prosecutor which induced Baker to plead and then failed to withdraw Baker's plea as Baker requested;

5 Counsel failed to appeal the alleged breach of the Plea Agreement; and

6. Previous counsel failed to impeach a witness who testified during Baker's earlier trial.

To prove ineffective assistance of counsel, Baker must show that his counsel's representation was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687(1984); *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). The first part of the test requires a showing "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making that assessment this Court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. *See id.* at 689. The second prong of the test requires a showing that, but for counsel's deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See id.* at 694, 104.

Baker fails to specify what exculpatory material his counsel allegedly failed to obtain from the Government and what impact this had on his guilty plea. The failure to present this information precludes an evidentiary hearing and relief under 28 U.S.C. § 2255. Likewise, Baker fails to identify the Grand Jury materials which would have impacted his decision to enter his guilty plea or the Court's willingness to accept his guilty plea. This Court heard the evidence presented at Baker's 2008 trial, is familiar with the evidence against Baker, and based upon this knowledge, concludes that there is no merit to Baker's contention that counsel should have challenged the existence of probable cause to support the Third Superseding Indictment or any previous Indictments in Baker's case.

Baker further contends that counsel failed to explain the elements of the offense to which Baker plead and that counsel misrepresented the Plea Agreement before Baker entered his plea.

3

Baker is over fifty years of age, has a Criminal History Category of IV, and is no novice in the criminal justice system. Baker's Factual Basis Statement asserts the following:

> Beginning late in 2005, two or more persons began to distribute cocaine base, commonly known as crack cocaine, in South Dakota under a cooperative agreement to do so. In late 2006, the Defendant, Frank Baker, voluntarily joined the agreement knowing its purpose. The Defendant was involved in obtaining crack cocaine on numerous occasions and providing it to others. The Defendant also obtained powder cocaine on occasion and converted it to crack cocaine. Over the course of the conspiracy, the Defendant was involved in the distribution of 50 grams or more of a mixture or substance containing crack cocaine in violation of 21 U.S.C. §§ 841 (b)(I)(A)(iii) and 846, The Defendant's involvement was curtailed when he was arrested in July of 2007.

A review of this Factual Basis Statement and the change of plea transcript assures the Court that at all relevant times Baker clearly understood the elements of the offense to which he plead guilty.

As support for his allegation that counsel misrepresented the Plea Agreement, Baker alleges that counsel assured him he would receive "time served" and that Baker's family should "drive down to be at his sentencing to take him home." These allegations are clearly incredible and contrary to the record in this case. Both the change of plea and sentencing transcripts reveal that Baker was advised and understood that he was subject to a mandatory minimum sentence of ten years, and that without the Plea Agreement would be facing a mandatory life sentence.

Baker also makes allegation contrary to the record when he alleges that counsel failed to object to the breach of an alleged "oral promise" from the prosecutor which induced Baker to plead guilty and that counsel then failed to withdraw Baker's plea as Baker requested. In his pleadings Baker asserts: "In the case at bar the defendant Baker was informed by Attorney John Pekas on May 20, 2009 that Assistant U.S. Attorney John Haak gave him his word that he would recommend that Mr. Baker would be sentenced under a 1 and 1 ratio and that defendant Baker would receive time served." The plea and sentencing transcripts reveal that although the Government acknowledged that the current administration was requesting a 1 to 1 ratio for crack and powder cocaine, the ratio did not matter since Baker was subject to a mandatory minimum sentence of ten years. Although Baker's counsel revealed to the Court that Baker threatened to withdraw his plea because a 5K1.1 motion was not filed, and that following through with such threat was against the advice of counsel, it was clear that Baker was not going to withdraw his guilty plea and again face a mandatory life

sentence. In addition, at the sentencing hearing, Baker's counsel challenged the Government's decision to not file a 5K1.1 motion by calling a witness and submitting argument.

Baker also alleges his counsel failed to appeal the alleged breach of the plea agreement. Baker's counsel, in fact, filed a notice of appeal with regard to the Government not filing a Rule 5K1.1 motion. The Government moved to dismiss the appeal based on the waiver of appeal clause in the Plea Agreement. After counsel for Baker filed a resistance to the motion to dismiss, the Eighth Circuit Court of Appeals granted the motion. The Docket for the Eighth Circuit Court of Appeals demonstrates the lack of merit in Baker's allegation that his counsel failed to appeal the alleged breach of the Plea Agreement.

Baker also alleges his previous counsel failed to impeach a witness who testified during Baker's earlier trial. This Court set aside the jury's verdict in Baker's earlier trial and any trial strategy that was utilized in that earlier trial is not relevant to Baker later entering a guilty plea while being represented by new counsel. Baker has made no credible allegation of deficient performance of counsel and had has failed to set forth any basis to grant relief under 28 U.S.C. § 2255. Accordingly,

**IT IS ORDERED**:

1. That Baker's motion to proceed in forma pauperis is granted; and
2. That Baker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is denied.

Dated this 15 day of June, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY